## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

BRENDA K. SARTIN,                      )
                                       )
                                       )
              Plaintiff,               )
                                       )
v.                                     )          No.  03-CV-291-SAJ
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security        )
Administration,[1]                     )
                                       )
              Defendant.               )

## OPINION AND ORDER

Comes on for determination Plaintiff's Attorney's Motion For an Award of Attorney

Fees Under 42 U.S.C.   § 406(b) and Fed.R.Civ.P. 60(b)(6) [Dkt. #31], and the Court,

having reviewed the arguments and authorities of counsel, finds the motion should be

granted in part and taken under advisement in part pending further briefing as set forth

herein.

Counsel seeks to pursue motion for an award of attorney fees pursuant to

Fed.R.Civ.P. 60(b)(6) in the amount of  $10,250.30 pursuant to the terms of 42 U.S.C. §

406(b) and the contingency fee contract between Plaintiff and counsel. This fee, if found

to be timely filed, is to be awarded from funds being withheld from Plaintiff's past due

benefits.

Plaintiff's counsel further urges the Court should order the funds released directly

---

[1]    Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section  42 U.S.C. § 405(g) of the Social Security Act.

1

to Plaintiff's counsel due to the unusual circumstances of this case.  Plaintiff's counsel acknowledges his obligation to remit to the client the lesser of the amount awarded herein or the $6306.60 previously awarded in EAJA fees pursuant to *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986).

### Background

Plaintiff appealed the Administrative denial of her application for Disability Insurance Benefits and Supplemental Social Security Income (SSI) under Titles II and XVI of the Social Security Act  benefits to this Court, retaining Troutman & Troutman, P.C.,  to pursue the appeal.   This Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Dkt. # 23]. The Court then granted Plaintiff's application for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 27].  The EAJA award was paid to counsel by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits from August 2000.  On August 15, 2005, the Commissioner sent Plaintiff a Notice of Award, indicating that 25% of Plaintiff's past due benefits, $10,250.30, was being withheld to pay outstanding attorney fees. However, the Notice of Award was not served on Plaintiff's counsel and counsel was never notified by his client.

Counsel attached a copy of a "Request for Evidence" letter dated July 8, 2006, from the Commissioner, which includes  an apology to counsel for the delay in getting the award letter to counsel.   Counsel returned the letter on July 15, 2006, completing the

questionnaire contained thereon regarding whether 406(b) fees would be pursued, which counsel marked affirmatively.

### Timeliness of Motion

Plaintiff's counsel filed this motion on August 12, 2006, approximately one month after learning of the award. The application was filed pursuant Fed. R.Civ.P 60 following the Tenth Circuit Court of Appeals decision in *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), decided on June 13, 2006. *McGraw* resolved the unique dilemma  in which social security practitioners found themselves as to when applications for 406(b) attorney fee applications should be filed in relation to a judgments of remand. The *McGraw* court found that plaintiffs should have a reasonable time following a Commissioner's decision awarding benefits after remand within which to apply to the district court for attorney fees under 406(b). The Court left to the trial court the  determination of what constitutes a reasonable time. The Court reasoned that the proper vehicle for filing the motion would be Fed.R.CIv.P. 60(b)(6), a saving statute which grants the trial court equitable power to do justice in a particular case.  This allows the trial court to circumvent federal and local rules limiting the time within which attorney fee applications must be filed after judgment.

Based upon the unique circumstances in this case that *McGraw* had only been decided a month prior to Plaintiff's counsel receiving notice of an award of benefits, that the law prior to *McGraw* was undecided, and that Plaintiff's counsel had filed the application within a month of receipt of notice, the Court finds the motion is filed within a reasonable time. Plaintiff's motion as to the timeliness of filing under Fed.R.Civ.P. 60(b)(6) is therefore granted.

**Fees Requested**

The Court next examines the amount of the fee requested, to which Defendant raises objections.   The motion is brought pursuant to  406(b), which  provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . .  certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

 In *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), the Supreme Court held that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, at 807.  "Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*    In short, contingency fee contracts which allow for attorney fees in an amount not exceeding 25% of past due benefits are enforceable if the fee sought is reasonable for the services rendered.  *Id.* ("Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits[, but] [w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").  The Court, then, is required to review the terms of the Social Security Case Fee Agreement between Counsel and Plaintiff  to determine if the fee agreement is enforceable and if so, whether the fee sought is reasonable. In this case, the fee

4

agreement was not attached, but referenced as an exhibit to the earlier EAJA fee application.

Having reviewed the fee agreement, the Court has concerns over whether certain provisions, and therefore the fee agreement itself, are enforceable. Plaintiff's counsel's fee agreement provides for an absolute 25% of the past due benefits. It does not advise Plaintiff that the fee will be determined by the Court based upon the reasonableness of the request or that 25% is the statutory ceiling. It does not advise Plaintiff what the effect an award of 406(a) fees will be even though it advises Plaintiff of the effect of EAJA fees. Plaintiff's counsel did not submit an affidavit in support of the fee application.

Additionally, Defendant raised issues in response brief which call into question the amount of the recoverable fee. For instance, Defendant states a request for attorney fees was submitted to the Commissioner by Paul McTighe and Rebecca Magee pursuant to 406(a) in the amount of $4000.00 and urges this amount should be taken into account in the 25% statutory ceiling which Plaintiff's counsel requests. However, Defendant did not attach any documentation or provide the Court with any information as to when the 406(a) application was filed, what period of time it covered, whether it has been addressed by the Commissioner or whether it was granted.

Plaintiff's counsel did not file a reply brief. Considering the importance of the issues raised herein, the Court finds reply brief would assist the Court. Plaintiff's counsel is therefore directed to file reply brief within thirty (30) days of the date of this Order addressing the concerns referenced herein.

IT IS THEREFORE ORDERED that Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed.R.Civ.P. 60(b)(6) [Dkt. #31] is granted

in part and taken under advisement in part pending further briefing as set forth herein.

DATED THIS 18TH DAY OF DECEMBER, 2007.

Sam A. Joyner
United States Magistrate Judge