**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRENDA K. SARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  03-CV-291-SAJ |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration,[1/] ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Comes on for determination Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C.  § 406(b)  [Dkt. #31] in which counsel seeks  attorney fees in the amount of  $10,250.30 pursuant to the terms of 42 U.S.C. §406(b) and the contingency fee contract entered into between Plaintiff and counsel.

The court entered an order on December 18, 2007,  finding the motion was timely filed following *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006) but ordered supplemental briefing on the validity of the contingency fee contract. Based upon the supplemental brief filed, the court finds the contract is valid and enforceable.

However, in response brief Defendant raised the issue of whether fees paid pursuant to 42 U.S.C. §406(a) for work performed at the agency level, in this case to  different counsel, should be taken into account in determining whether the requested §406(b) fees fall within the statutory ceiling of twenty five percent of past due benefits.   In the case at

---

[1/]    Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section  42 U.S.C. § 405(g) of the Social Security Act.

bar, Defendant asserts other counsel submitted fee requests under §406(a) in the amount of $4000.00, but does not state whether the request was granted and attached no documentation of same. Plaintiff's counsel retorts that the failure of proof requires the court to disregard the allegation. It is nevertheless relevant to this court's analysis because, if true, the combined §406(a) and §406(b) award could exceed the statutory ceiling.

The issue of whether the two awards are to be considered together is currently on appeal before the Tenth Circuit Court of Appeals in *Wrenn v. Astrue*, Appeal No. 06-7088 (E.D. Okla. # 03-350). Oral argument was held on October 5, 2007. Because a decision is imminent, the court agrees with Plaintiff counsel's suggestion that a ruling should be delayed pending resolution of the issue.

IT IS THEREFORE ORDERED that Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. §406(b) [Dkt. #31] is stayed pending decision in *Wrenn*. Counsel is directed to file motion to lift stay within twenty (20) days after mandate is entered in *Wrenn*, which shall also advise the court of the status of §406(a) fees should the Tenth Circuit find these are to be considered in determining the §406(b) award.

IT IS FURTHER ORDERED that counsel comply with General Order GO-07-6, entered March 28, 2007, by filing Certification of Notice to Plaintiff and Notice to Plaintiff within thirty (30) days of this Order.

DATED THIS 17TH DAY OF APRIL, 2008.

Sam A. Joyner
United States Magistrate Judge