# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA K. SARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-CV-291-SAJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration,[1/] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Comes on for determination Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. #31] in which counsel seeks attorney fees in the amount of $10,250.30 pursuant to the terms of 42 U.S.C. §406(b) and the contingency fee contract entered into between Plaintiff and counsel.

The court entered an order on December 18, 2007, finding the motion was timely filed following *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006) but ordered supplemental briefing on the validity of the contingency fee contract. Based upon the supplemental brief filed, the court finds the contract is valid and enforceable.

However, in response brief Defendant raised the issue of whether fees paid pursuant to 42 U.S.C. §406(a) for work performed at the agency level, in this case to different counsel, should be taken into account in determining whether the requested §406(b) fees fall within the statutory ceiling of twenty five percent of past due benefits. Because the

---

[1/]   Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 42 U.S.C. § 405(g) of the Social Security Act.

issue of whether the two awards are to be considered together was on appeal to the Tenth Circuit Court of Appeals at the time, this court entered an order staying this proceeding.

The Tenth Circuit issued its mandate in *Wrenn v. Astrue,* 525 F. 3d 931 (10th Cir. 2008) on June 30, 2008. *Wrenn* held that fees sought before the Commissioner and the court are to be independently determined and assessed.

The order entered by this court required Plaintiff to move to lift the stay within twenty days of entry of the mandate in *Wrenn*. No motion was filed.

Further, the order required counsel to comply with General Order GO-07-6, entered March 28, 2007, by filing Certification of Notice to Plaintiff and Notice to Plaintiff within thirty (30) days of April 17, 2008. Certification was filed on July 17, 2008. No extension of time was sought for this late filing.

Plaintiff's counsel is therefore ordered to file Motion to Withdraw Motion For an Award of Attorney Fees [Dkt. #31] or Status Report in which good cause is shown for failure to timely comply with the court's April 17, 2008 order, within twenty (20) days of this order. Failure to comply will result in denial of counsel's motion.

DATED THIS 3Rd DAY OF SEPTEMBER, 2008.

Sam A. Joyner
United States Magistrate Judge