## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA K. SARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-CV-291-SAJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration,[1/] | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Comes on for determination Motion to Lift Stay of Proceedings on Pending Motion for Attorney Fees Under 42 U.S.C. §406B [Dkt. #40]. The court, having considered the arguments of counsel, finds the motion should be granted.

The court first addressed the issue of attorney fees pursuant to 42 U.S.C. § 406(b) in this case by order entered on December 18, 2007, in which the court found that Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. #31] was timely filed following *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). However, the court ordered supplemental briefing on the validity of the contingency fee contract. By order dated April 17, 2008, the court found the contract to be valid and enforceable.

However, in response brief Defendant raised the issue of whether fees paid pursuant to 42 U.S.C. §406(a) for work performed at the agency level, in this case to different counsel, should be taken into account in determining whether the requested §406(b) fees

---

[1/] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 42 U.S.C. § 405(g) of the Social Security Act.

fall within the statutory ceiling of twenty five percent of past due benefits. Because the issue of whether the two awards are to be considered together was on appeal to the Tenth Circuit Court of Appeals at the time, this court entered an order staying this proceeding and directing counsel to move to lift stay following decision by the Tenth Circuit.

Mandate was issued in *Wrenn v. Astrue,* 525 F. 3d 931 (10th Cir. 2008) on June 30, 2008. *Wrenn* held that fees sought before the Commissioner and the court are to be independently determined and assessed.

The April 17, 2008 order entered by this court required Plaintiff to move to lift the stay within twenty days of entry of the mandate in *Wrenn*. No motion was filed.

Further, the order required counsel to comply with General Order GO-07-6 by filing Certification of Notice to Plaintiff and Notice to Plaintiff within thirty (30) days of April 17, 2008. Certification was filed on July 17, 2008, acknowledging Plaintiff's agreement to the amount of fees sought. No motion to lift stay was filed at the time.

On September 9, 2008, Plaintiff's counsel was directed to file Motion to Withdraw Motion For an Award of Attorney Fees [Dkt. #31] or Status Report in which good cause is shown for failure to timely comply with the court's April 17, 2008 order.

On September 23, 2008, Plaintiff filed Status Report in which good cause was shown for failure to comply with the court's earlier directives. Plaintiff also filed the motion to lift stay.

The court has reviewed all filings in connection with the Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) and finds an award of attorney fees in the amount of $10,250.30 pursuant to the terms of 42 U.S.C. §406(b) and the contingency fee contract entered into between Plaintiff and counsel is reasonable and

appropriate. Counsel acknowledges that Plaintiff will be reimbursed by counsel in the amount of $6306.00 for fees previously awarded to counsel pursuant to EAJA. [2/]

IT IS THEREFORE ORDERED THAT Motion to Lift Stay of Proceedings on Pending Motion for Attorney Fees Under 42 U.S.C. §406B [Dkt. #40] is granted and Plaintiff's Attorney's Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. #31] is granted as set forth herein.

DATED THIS 24th DAY OF SEPTEMBER, 2008.

Sam A. Joyner
United States Magistrate Judge

---

[2/] The Tenth Circuit recently issued a definitive ruling requiring EAJA fees to be paid directly to Plaintiff, and not to Plaintiff's counsel in *Manning v. Astrue*, 2007 WL 4443228. EAJA fees were awarded to counsel in this case. Based upon *Manning*, there will be no offsets in the future.